IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Carline Curry,** | ) | **CASE NO. 1:21 CV 1572** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | |
| **City of Mansfield, *et al.*,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendants.** | ) | |
| | ) | |

 This is another lawsuit filed by *pro se* plaintiff Carline Curry against the City of Mansfield and various City officials and employees alleging unlawful employment discrimination in violation of Title VII and 42 U.S.C. §§ 1981 and 1983. This is a fee-paid action. Plaintiff has been prohibited from proceeding *in forma pauperis* in this district in civil actions alleging employment discrimination against the City and City officials and employees due to the numerous prior lawsuits she filed, repeatedly over many years, which have been summarily dismissed. *See e.g., Curry v. Donald Trump, et al.*, Case No. 1: 19 CV 2984, 2020 WL 1940844 (N.D. Ohio Apr. 22, 2020); *Curry v. City of Mansfield, et al.*, Case No. 12 CV 276, 2012 WL 2367373 (N.D. Ohio June 21, 2012).

 In this case, plaintiff again sues the City and City officials and employees alleging unlawful

employment discrimination in violation of Title VII and 42 U.S.C. §§ 1981 and 1983. (Doc. No. 1.)[1] This time, in her brief complaint, she alleges she was unlawfully discriminated against because she was not "given a[n] opportunity" or interview for a job opening in February 2020 for which she contends she was qualified "[p]robably because [she had] filed litigation against the City in the Past." (*Id*. at 1.) In addition to her complaint, she has filed a motion for back pay and the relief requested in the complaint (Doc. No. 5), for summary judgment (Doc. No. 6), and for the Court to schedule court dates (Doc. No. 7).

The Court finds that this action, like plaintiff's numerous other prior actions, must be summarily dismissed.

Federal courts "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Sua sponte* dismissal of an even fee-paid complaint is appropriate without affording the plaintiff an opportunity to amend where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id*. at 480.

As plaintiff has clearly been apprised before, and most recently in *Curry v. City of Mansfield, et al.*, Case No. 1: 21 CV 1455 (N.D. Ohio Nov. 16, 2021), she cannot make out viable federal employment discrimination claims under Title VII and §§ 1981 and 1983 simply on the basis of allegations that the City failed to hire her for certain open jobs. Rather, she must allege specific facts

---

[1] She sues the City, Mayer Theaker, Dave Remy, Bob Coker, and Personnel Director Mr. Kuntz "or His Replacement." (*Id.*)

in the body of her complaint sufficient to give rise to plausible inferences that each defendant engaged in conduct constituting unlawful discrimination under the federal laws under which she seeks relief. *See id.*, slip op. at 6-7. Plaintiff's persistent contention that she was subjected to unlawful discrimination because she was not given an interview or hired for an open position with the City lacks the legal plausibility necessary to invoke federal subject matter jurisdiction. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court is not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief).

Accordingly, for the same reasons the district court dismissed her recently-filed case, Case No. 1: 21 CV 1455, plaintiff's complaint in this case against the City, Mayer Theaker, Dave Remy, Bob Coker, and Personnel Director Mr. Kuntz is dismissed pursuant to the Court's authority established in *Apple v. Glenn*. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. In light of this ruling, plaintiff's remaining pending motions are denied as moot.

Further, in light of plaintiff's demonstrated persistence in seeking to sue the City and City officials and employees regarding employment with the City, she is urged to consult with a lawyer before filing any further lawsuits.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: November 22, 2021